```
              IN THE UNITED STATES DISTRICT COURT

                   FOR THE DISTRICT OF OREGON

FRANK VOTH,                       )
                                  )
          Plaintiff,              ) Case No. 07-667-HO
                                  )
          v.                      )      ORDER
                                  )
UNITED STATES OF AMERICA,         )
                                  )
          Defendant.              )
_____)
```

Pro se plaintiff brings this action under the Federal Tort

Claims Act alleging that the Secretary of the Treasury failed

> to have a record of Certified Power of Attorney which
> may be used as evidence in a civil action under Tile 31
> USC § 9307 authorizing a surety corporation to provide a
> surety bond in the judicial proceedings STATE OF OREGON
> v. FRANK EVERETT VOTH, 8912-37108. As a direct result of
> the omissions by the Secretary of the Treasury for the
> United States plaintiff has been injured and suffered
> damages in the amount of $100,000,000.00 (One Hundred
> Million Dollars).

Complaint (#1) at ¶ 9. Plaintiff asserts claims of breach of legal

duty and negligence per se seeking a total of $200,000,000 in

1 - ORDER

damages.

Plaintiff has moved for partial summary judgment (#8) and for leave to file a first amended complaint (#26) and for leave to file a second amended complaint (#28). The government has moved to dismiss (#23).

The Circuit Court for the State of Oregon, County of Multnomah, sentenced plaintiff to a term of imprisonment following convictions for kidnaping and rape in October of 1989. Plaintiff asserts that the State of Oregon set bonds of $20,000 per count and implies that he paid $120,000 to be released on bond. Defendant contends the court lacks jurisdiction, the action is frivolous, and that plaintiff has failed to state a claim.

Defendant correctly asserts that the United States has no control over or involvement in state court bonds for state criminal proceedings and that the United States has not waived sovereign immunity regarding the subject of this case. A waiver of sovereign immunity by the United States must be expressed unequivocally. See United States v. Nordic Village, Inc., 503 U.S. 30, 33 (1992). The court does not liberally construe alleged statutory waivers. Id. at 34.

31 U.S.C. § 9307 merely provides that a surety corporation providing a surety bond may be sued in a court of the United States having jurisdiction of civil actions on surety bonds. It does not waive immunity on behalf of the United States nor does it apply to

bonds issued or posted in state criminal proceedings. Plaintiff has failed to invoke any statutory authority for jurisdiction over the United States or waiver of immunity in his complaint with respect to the subject bonds.

While the court does have jurisdiction over federal tort claims, such claims

> shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b). Plaintiff's assertions regarding bonds posted in 1989 are time-barred under the Federal Tort Claims Act. See Complaint at ¶ 4 (notice of tort claim filed on February 13, 2006). Moreover, plaintiff has not and cannot identify any duty owed by the Secretary of the Treasury with respect to any bonds issued or posted in the criminal proceedings in the State of Oregon against plaintiff. Accordingly, there is no set of facts that plaintiff can prove that would entitle him to relief.[1]

---

[1] The court has reviewed the amendments in plaintiff's proposed first and second amended complaints and the complaints do not cure the deficiencies noted above. The court is not aware of any legal authority for the proposition that the Secretary of the Treasury has any duties with respect to bonds in state criminal proceedings.

3 - ORDER

## CONCLUSION

For the reasons stated above, the United States' motion to dismiss (#23) is granted. Plaintiff's motions for summary judgment (#8) and for leave to file amended complaints (#26 and #28) are denied as moot and this action is dismissed.

DATED this __23rd__ day of July, 2007.

                                                __s/ Michael R. Hogan__
                                                United States District Judge